UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH RESSER, | : |
| | :     No. 1:21-cv-01041 |
|     Plaintiff, | : |
| | : |
| v. | :     (CONNER, J.) |
| | :     (SAPORITO, M.J.) |
| J.B. HUNT TRANSPORT, Inc. | : |
| and STANFORD RICKETTS, | : |
| | : |
|     Defendants. | : |

# MEMORANDUM

This diversity case arises out of a motor vehicle accident which occurred on May 5, 2019. The action was commenced in the Court of Common Pleas of York County, Pennsylvania, on April 14, 2021. The defendants removed the case to this court on June 14, 2021. The matter is before us on the plaintiff's motion to compel defendants' discovery responses. (Doc. 26). For the reasons discussed below, we will grant the motion in part and deny it in part.

## I. *Statement of Facts*

This accident occurred on May 5, 2019, on Susquehanna Trail, southbound, at the intersection of I-83 northbound, in Conewago Township, York County, Pennsylvania. The defendant, Stanford

Ricketts, was the operator of the tractor trailer owned by defendant, J.B. Hunt Transport, Inc., his employer. The plaintiff has alleged that Ricketts failed to yield for southbound traffic on Susquehanna Trail, including the plaintiff's vehicle, which caused the collision and resultant injuries to the plaintiff. The defendants contend that Ricketts made a left turn from the northbound Susquehanna Trail across the southbound lanes of Susquehanna Trail on a green turn light. They further contend that the accident was caused by the plaintiff by entering the southbound lanes of travel failing to take any avoidance maneuvers and braking.

The plaintiff served a request for production of documents upon the defendants which resulted in a discovery dispute. The matter was referred to the undersigned United States magistrate judge. We conducted a telephone conference with counsel following which we directed counsel for plaintiff to provide a more specific request regarding the production of Ricketts's entire personnel and training file. (Doc. 18.) On February 2, 2022, the plaintiff served a more specific request upon defendants' counsel identified as Supplemental Request for Production of Documents No. 19. In its response on March 4, 2022, J.B. Hunt asserted several objections to the revised request resulting in another request for

a conference with the court which occurred on April 4, 2022. (Doc. 18; Doc. 25.) As the matter was unable to be resolved by agreement, we permitted the plaintiff to file the subject motion to compel. The parties have briefed the motion and it is now ripe for disposition. (Doc. 28; Doc. 29-1; Doc. 30.)

## II.     *Legal Standards*

The federal courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995), and the federal rules have long permitted broad and liberal discovery. *Pacitti v. Macy's,* 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350 (1978).

> Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or

> may lead to the discovery of relevant information. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence.

*Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citations omitted). When the Court is presented with a motion to compel discovery,

> [t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

### III.  *Discussion*

In her complaint, the plaintiff alleges a negligence claim against both defendants. (Doc. 1-2.) In Count I, the plaintiff alleges that J.B. Hunt, as Ricketts's employer, is vicariously liable for the acts of its employee. In Count II, the plaintiff alleges that Ricketts was negligent by failing to recognize traffic patterns; failing to yield to oncoming traffic while making a left turn; operating the vehicle carelessly; and failing to operate the vehicle at a safe distance from the plaintiff. (*Id.* at ¶¶25-29.)

4

The defendants have denied liability. (Doc. 5.) However, the defendants admit that defendant Ricketts was operating the J.B. Hunt tractor trailer within the course and scope of his employment with his employer, J.B. Hunt. (Doc. 5 ¶8.)

Under the *Erie* doctrine, in cases heard on diversity jurisdiction, a federal court must apply state substantive law and federal procedural law. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Thus, the elements of negligence under Pennsylvania law are: "a duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resultant injury; and actual loss or damage to the plaintiff." *Brewington ex rel. Brewington v. City of Philadelphia*, 199 A.3d 348, 355 (Pa. 2018).

The plaintiff's Supplemental Request for Production of Documents No. 19 and J.B. Hunt's response thereto are set out as follows:

> 19.  Provide the entirety of what is commonly referred to as a personnel file and/or training file for Defendant Ricketts, including but not limited to:
>
> a.   the driver qualification file mandated by 49

C.F.R. § 391.51;

b. the driver investigation history file mandated by 49 C.F. R. § 391.53;

c. all documents pertaining to the annual inquiry and review of Defendant Ricketts'[s] driving record performed by J.B. Hunt, as such is mandated by 49 C.F.R. § 391.25;

d. all documents related to any audits of Defendant Ricketts'[s] driver qualification file performed by the Department of Transportation;

e. all documents required to be maintained related to Defendant Ricketts in the event of an audit by the Department of Transportation;

f. all documents concerning or related to Defendant Ricketts'[s] job performance (good or bad); and

g. all documents pertaining [to] Defendant Ricketts'[s] commencement and/or termination—voluntary or involuntary—of employment with J.B. Hunt.

**RESPONSE: Objection. Answering defendant objects to this Request as overly broad, vague, not proportional to the needs of the needs of this case, unrelated to the claims asserted in the Complaint, beyond the scope of Rule 26(b)(1) which limits "discovery to any nonprivileged matter that is relevant to any party's claim or defense," seeks documents pertaining to subsequent remedial measures, and not reasonably calculated to lead to the**

>  **discovery of admissible evidence. By way of further response, and without waiving the foregoing objection, see driver's license, Medical Examiner's Certificate, and termination document attached hereto.**

(Doc. 26, at 12-13.) Thereafter, J.B. Hunt served upon plaintiff's counsel a verified *supplemental* response to plaintiff's supplemental request for production of documents No. 19 on March 14, 2022. (*Id.* at 22-26.) This supplemental response contained all the same objections it previously raised, except an objection that the request is vague (excluding subparagraph (f)), but it set out its objections separately as to each subparagraph.[1] (*Id.*)

J.B. Hunt contends that the information sought by the Supplemental Request No. 19 is overly broad, not proportional to the needs of the case as it is unrelated to the claims asserted in the complaint, beyond the scope of Rule 26(b)(1), seeks documents pertaining to subsequent remedial measures, and not reasonably calculated to lead to the discovery of admissible evidence. It points out that the requested documents are irrelevant as the plaintiff has not alleged claims for

---

[1]   As the parties are in possession of J.B. Hunt's *supplemental* response, the court does not deem it necessary to set it out separately.

7

negligent hiring, training, supervision, retention, and/or entrustment against J.B. Hunt. Further, J.B. Hunt argues that the proper focus in this case is what happened at the time of the accident.

While we agree with J.B. Hunt that the proper focus is what happened at the time of the accident, nonetheless motor vehicle carriers, such as J.B. Hunt, are required to maintain the requested documents by federal regulations. *See* 49 C.F.R. §§ 391.25, 391.51, and 391.53. For example, § 391.25 requires each motor carrier to make an inquiry to the appropriate agency of every state in which the driver held a commercial motor vehicle operator's license at least once every 12 months to obtain the motor vehicle record of every driver it employs, covering at least the preceding twelve months. One of the purposes of this requirement is for the motor carrier to determine if the driver exhibited a disregard for the safety of the public. § 391.51 requires the motor carrier to maintain a driver qualification file for each driver it employs. The qualification file for each driver *must* include, *inter alia*, the motor vehicle record received from each state driver licensing agency to the annual driver record inquiry required by § 391.25. These records are sought in Supplemental Request No. 19(a) and (c). Finally, § 391.53 requires each motor carrier

to maintain investigation records relating to the safety performance history of a *new or prospective* driver and any data *must only* be used for the hiring decision. These records are sought in Supplemental Request No. 19(b). Thus, the records under §§ 391.25 (No. 19(c)) and 391.51 (No. 19(a)) are relevant for discovery purposes as they relate to the safety record of the driver. However, the records requested under § 391.53 are not relevant as they relate *only* to the hiring decision. The plaintiff has not made a claim against J.B. Hunt for negligent hiring.

Regarding the records requested which may be subject to any audits by the appropriate department of transportation (No. 19(d) and (e)), the plaintiff has not articulated any reasons to support her position that those documents are relevant to the claims or defenses in this case. Likewise, the plaintiff's request for records relating to Ricketts's job performance (good or bad) fails for the same reason. We find that J.B. Hunt has complied with the request made in No. 19(g) in that it has provided the record of Ricketts's termination.

Whether the requested records sought by No. 19(a) and (c) are eventually admissible at trial is not before us, and as the parties are presently engaged in discovery, the disclosure of those documents *may*

lead to the discovery of admissible evidence. We see no reason to deprive the plaintiff of this potential; as J.B. Hunt is not prejudiced because it can make appropriate motions *in limine* to preclude the admissibility of any of the documents prior to trial. In addition, we point out that plaintiff's counsel is not precluded from asking Ricketts the same questions which are the subject of Supplemental Request No. 19 at any future deposition. Our ruling here is only what may or may not be discoverable from J.B. Hunt's perspective.

J.B. Hunt also objected that the requested discovery is disproportional to the needs of the case. It did not address its proportionality objection in its brief in opposition. (Doc. 29-1.) Nonetheless, proportionality determinations are to be made on a case-by-case basis using the factors set forth in Fed. R. Civ. P. 26(b)(1) as follows: "The amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "[N]o single factor is designed to outweigh the other factors in determining whether the discovery

sought is proportional." *Bell v. Reading Hosp.*, Civ. No. 13-5927, 2016 WL 162991, at *2 (E.D. Pa. Jan. 14, 2016).

As J.B. Hunt did not address this portion of its objection to the requested discovery, we can only conclude that it has abandoned this part of its objection. Regardless, J.B. Hunt's disproportionality objection lacks merit in that: the amount in controversy is sufficient to meet federal court's jurisdictional threshold of $75,000, exclusive of interest and costs; J.B. Hunt, as the keeper of the records, has ready access to all relevant information, especially regarding Ricketts, its former employee; the importance of the discovery may be determinative of the issue whether the plaintiff can prove liability and that she was free from comparative fault; and the burden of producing the documents already in J.B. Hunt's possession is outweighed by the benefit in providing the requested records which may lead to the admissibility of relevant evidence. Thus, we are not persuaded by J.B. Hunt's disproportionality objection.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: April 27, 2022